WALLACE, JUDGE:
This claim, in the amount of $85,000.00, was filed against the respondent by Robert V. Heverley, Jr., Kathleen Heverley, and Frances Shoppe, Inc., the Heverleys being the stockholders and, as such, the owners of the business.
It was alleged that the respondent interfered with a closing-out sale of the Frances Shoppe, Inc. by threatening prosecution for law violations and refusing to renew the sale license, which resulted in loss of sales and the illness of one of the claimants.
The Frances Shoppe, Inc. was a ladies’ ready-to-wear apparel store operated by the Heverleys at 126 Adams Street in Fairmont, West . Virginia. By letter dated February 23, 1976, the landlord gave written notice to vacate the premises effective April 30, 1976. Efforts to obtain a new lease were not successful. However, after the premises were sold, the claimants were able to obtain from the new owners a one-month lease of the premises at twice the previous rental.
It was then decided to close the business. Max Caplan, a professional in conducting closing-out sales, was employed to conduct such a sale. Mr. Caplan testified that he always advised his clients of the legal requirements necessary to conduct such a sale. He advised Mr. Heverley that it was necessary to obtain a license from the respondent, which necessitated the furnishing of a bond, a complete inventory of items to be sold, and a fee of $50.00.
*252 A copy of the executed license application introduced as Claimants’ Exhibit No. 3 lists the same requirements as testified to by Mr. Caplan, and further, that bond shall be furnished in accordance with Chapter 47, Article 11 B, Section 9 of the Code of West Virginia. The application form provided spaces to be checked for the type of sale to be conducted. The space .provided for “fire sale” was checked on the application filed by the claimants.
In an effort to obtain a bond, Mr. Heverley testified that he made inquiry of his attorney, the bank, and insurance agent about the bond requirements. He stated that he did not show them the application form. He sent in the license application with the $50.00 fee and an inventory of the items to be sold.
A fire sale license was issued effective April 10, 1976, and terminating on May 10, 1976. Mr. Heverley testified that he changed the license from a “fire sale” by adding the word “closing-out sale”. The sale commenced April 10, 1976.
Mack Combs, Assistant Director of the Consumer’s Protection Division of the Department of Labor, testified that during the sale, a complaint was received from Ralph Garrison of the Fairmont Businessmen’s Association about the possibility of some goods being brought into the Frances Shoppe for resale during the sale. Fred Cavaliers, an inspector for the respondent, was instructed to investigate Mr. Garrison’s- complaint, determine what type of sale was being conducted, and why no bond had been furnished. Cavaliers made his investigation and reported that some old swimsuits, found in a storage box, were added to the items being sold; that the sale was a going-out-of-business sale, and that there was no bond. He requested that a bond form be sent to the claimants.
Mr. Combs subsequently investigated the sale, and Mr. Heverley inquired about a license renewal to continue the sale beyond May 10, 1976. Mr. Combs testified that he advised Heverley that he didn’t believe the department could issue a renewal of a license for a fire sale to be used for a closing-out sale, and further, no bond had been furnished. He also stated that he advised Mr. Heverley of the penalty for violating the requirements of the law for the conduct of the sale. The last *253 day Combs was on the premises was between the 3rd and 5th of May. He stated that his superior, Mr. Griffith, advised him to allow the sale to continue until May 10, 1976, without the bond, since the license period had practically expired.
No bond was ever furnished, and no renewal application was filed.
From the record, it is the opinion of the Court that the claimants did not comply with the legal requirements for conducting the sale, and further, that the record does not establish improper conduct toward the claimants on the part of the agents and employees of the respondent. Accordingly, the claim is disallowed.
Claim disallowed.